UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL ROGERS,

    Plaintiff,

                                   Case No. 16-10136

v.

                                   Hon. John Corbett O'Meara

STATE OF MICHIGAN
CIRCUIT COURT,

    Defendant.
_____/

# ORDER DENYING MOTION TO AMEND COMPLAINT

Appearing pro se, Plaintiff Samuel Rogers filed his initial complaint on January 19, 2016. Plaintiff contended that he had been ordered to provide child support for a child that is not his. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e), the court dismissed the action for lack of subject matter jurisdiction on February 1, 2016.

On July 19, 2016, Plaintiff filed a motion to amend his complaint in an attempt to create a federal claim. Plaintiff names the State of Michigan, Circuit Courts, and Michigan Friend of the Court as defendants. Plaintiff seeks to add the Federal Trade Commission, Consumer Protection Agency, and federal authorities whose duties include "stop[ping] illegal use of people name and social security

numbers." Plaintiff complains that his social security number was misused by the Ingham County and Genesee County circuit courts and that his driver's license was suspended for failing to pay child support.

Plaintiff's new allegations do not correct the fatal defects of his original complaint. First, the State of Michigan, Circuit Courts, Friend of the Court, and state court judges are immune from suit in federal court. See, e.g., Abick v. State of Michigan, 803 F.2d 874 (6th Cir. 1986); Merritt v. Lauderbach, 2013 WL 1148410 (E.D. Mich. Mar. 19, 2013) (dismissing claims against State of Michigan, Midland Friend of the Court, circuit judge, and Friend of the Court employees).

Second, Plaintiff has not identified a claim against the Federal Trade Commission or the Consumer Protection Agency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). Plaintiff has not alleged any facts or cited

legal authority stating a plausible claim against the Federal Trade Commission or Consumer Protection Agency.

Finally, Plaintiff contends that his driver's license was suspended without due process of law and that he was illegally jailed, both of which occurred in 2005. To the extent these claims are cognizable as constitutional claims under 42 U.S.C. § 1983, the statute of limitations has run.  See Rapp v. Putman, 2016 WL 1211850, at *4 (6th Cir. Mar. 29, 2016) ("The governing statute of limitations for § 1983 claims arising in Michigan is three years.") (citing Carroll v. Wilkerson, 782 F.2d 44, 44 (6th Cir. 1986)).

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion to amend complaint is DENIED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  August 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 15, 2016, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager